IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON GREENE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 07-02227 (RMU) |
| | )<br>) |
| PETE GEREN,<br>    Defendant. | )<br>) |

### STIPULATION OF SETTLEMENT AND DISMISSAL

This Settlement Agreement ("Agreement") is hereby entered into by and between Plaintiff Carlton Greene (hereinafter "Plaintiff") and Pete Geren, Secretary of the Army (hereinafter "Defendant"), through their respective counsel.

WHEREAS, Plaintiff has filed the above-captioned civil action alleging that Defendant discriminated against him in his employment in violation of the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* and

WHEREAS, Defendant has denied the allegations made by Plaintiff in the above-captioned civil action; and

WHEREAS, Plaintiff and Defendant have agreed to resolve the issues raised in the above-referenced civil action amicably and without need of further litigation;

NOW THEREFORE, in consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Plaintiff's Undertakings: -- Plaintiff hereby agrees to take the following actions:

    a. Dismissal of Civil Action -- Plaintiff agrees that this settlement agreement constitutes a dismissal of this case with prejudice in accordance with Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure.

b. <u>Release of Claims</u> – Plaintiff, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges the Defendant, the Department of the Army, and its employees and agents, from any and all claims, attorney fees, demands, for causes of action which he has asserted or could have asserted in the above-captioned civil action and which concern his employment with the federal government from the beginning of that employment to the date of his execution of this Agreement; including without limitation any rights under the Rehabilitation Act.

2. <u>Defendant's Undertakings:</u> – Defendant shall pay to the Plaintiff a total sum of six thousand dollars ($6,000), which is understood and agreed to represent full payment in full satisfaction of all of Plaintiff's monetary claims, including attorney's fees and costs. It is further understood and agreed that liability for taxes on this amount, if any, shall be the sole responsibility of Plaintiff. Payment shall be made from the U.S. Treasury by check payable to Plaintiff.

3. <u>No Admission of Wrongdoing</u> – Nothing in this Agreement shall be construed as an admission of any violation of law, rule or regulation, or of any wrongdoing whatsoever by Plaintiff, Defendant or any employee of Defendant.

4. <u>Agreement Constitutes Full Understanding</u> – The Parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil action and the claims raised therein. By executing this Agreement, the Parties further acknowledge that they each understand its terms; that such terms are acceptable to

each; that there are no additional obligations, either written or oral, to be performed by any Party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of Plaintiff against Defendant.

5. Execution of Settlement Agreement – Execution of this Agreement by Plaintiff, his attorney and attorneys for the Defendant, and filing of this Agreement with the Court shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall have jurisdiction to reinstate this action on motion of any Party solely to resolve a claim of noncompliance with the terms of this Agreement.

6. Severability: The provisions of this agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

7. Amendments: This settlement agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

**WHEREFORE**, the parties hereto, intending to be legally bound, through their respective attorneys of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
ALAN LESCHT, ESQ.
ALAN LESCHT & ASSOCIATES, P.C.
1050 17th St., N.W.
Suite 220
Washington, D.C. 20036
(202) 463-6036

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

DATE: _____

_(signature)_
CARLTON GREENE
Plaintiff
DATE: _Sept 27, 2008_

_(signature)_
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney

_(signature)_
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
555 Fourth Street, N.W..
Washington, D.C. 20530
(202) 353-9895
Counsel for Defendant
DATE: _24 Sep 08_

4